CHARLES DAVIS
PRO SE PLAINTIFF (Temporarily)
1438 TAMI LEE DRIVE, #3
SAN JOSE, CA 95122
PHONE: (408) 561-7654

Pro Se Plaintiff (Temporarily)

E-FILING

ADR

Filed
MAR 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF

CALIFORNIA AT SAN JOSE

| | |
|---|---|
| CHARLES DAVIS, <br><br> Plaintiff, <br><br> -vs- <br><br> SANTA CLARA COUNTY; LAURIE SMITH (Santa Clara County Sheriff); SANTA CLARA VALEY HEALTH & HOSPITAL SYSTEM; ALEX CHYOMY (Medical Director of Adult Custody Health Services); MEDICAL EMPLOYEE DOES 1-20 of SANTA CLARA VALLEY ADULT CUSTODY HEALTH SERVICES; EDWARD FLORES (Santa Clara Department of Correction, Chief of Correction); DEPUTY DOES 1-20 of the Department of Correction, <br><br> Defendants. | CIVIL No. <br> C08 01512 <br> COMPLAINT <br><br> RMW <br> RS <br><br> CIVIL <br><br> DAMAGES <br><br> JURY TRIAL |

TO THE CLERK OF THE COURT AND THE ABOVE-NAMED DEFENDANTS:

## I. INTRODUCTION

I.1. Plaintiff was in the care and custody of Santa Clara County's Elmwood Jail (Elmwood) as an inmate during the entirety of the events stated below.

I.2. The events in question occurred on and/or between February 7, 2007 and May 1, 2007.

I.3. During the month of February, Plaintiff was playing basketball at Elmwood.

I.4. During the game, Plaintiff fell down and injured his hand by breaking it, a serious injury.

I.5. Elmwood jail and medical staff Defendants were aware of Plaintiff's broken hand because he alerted them to that fact both verbally and in writing.

I.6. Elmwood jail and medical staff Defendants were aware of this serious medical condition and where deliberately indifferent to Plaintiff's suffering.

I.7. For more than one month, Plaintiff was given nothing more than Tylenol. Plaintiff was not x-rayed for approximately two months after the accident.

I.8. In mid-March of 2007, after more than a month of intense suffering, Plaintiff's complaints were finally given minimal attention and his hand was x-rayed at the Elmwood Infirmary.

I.9. Although the broken hand was apparent to Plaintiff and Defendant jail and medical staff, Defendants did nothing to address Plaintiff's emergent medical condition.

I.10. The Defendants failed to use the ordinary care and skill reasonably necessary to protect Plaintiff's health and well being and were deliberately indifferent to a known serious medical condition.

I.11. It was not until April 16, 2007, approximately nine-weeks after Plaintiff suffered a broken hand, that Plaintiff was taken to Valley Medical Center to see a specialist who told Plaintiff that the lack of prompt medical treatment exacerbated his pain and suffering and aggravated the injury both in permanence and degree.

I.12. By the Elmwood staff employee Defendants' deliberate medical indifference to the serious medical needs of Plaintiff, Plaintiff suffered intense and prolonged physical, mental and emotional injury.

I.13. All of Plaintiff's pain and suffering would have been cured if Defendants had given immediate attention to his serious medical needs and tended to his broken hand in February, 2007.

I.14. Plaintiff now seeks compensatory, punitive damages, and other appropriate relief under 42 U.S.C. Section 1983 for the violation of his federal civil rights by Defendants under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Defendants' actions were taken under color of state law.

I.15. Plaintiff now seeks compensatory, punitive damages, and other appropriate relief against Adult Custody Health Defendants for medical negligence according to common law and/or applicable statute. Defendants' actions were taken as private persons and under color of state law because each was a government employee acting within the course and scope of their employment.

## II. JURISDICTION

II.1 Jurisdiction exists for this federal 42 U.S.C. 1983 claim to be heard in the U.S. District Court, Northern District of California pursuant to 28 USC 1331 and 1343.

II.2. Supplemental jurisdiction over the state law claims is granted pursuant to 28 USC 1367.

II.3. Venue is proper because the Defendants are residents of and the alleged harm occurred within Santa Clara County County.

## III. PARTIES

III.1. Plaintiff is a resident of San Jose, California.

III.2. Defendant Santa Clara County is an actual incorporated county entity which employs all individually named Defendants, agencies and Does. At all relevant times, the County was acting under color of state law.

III.2. Defendant Laurie Smith, Sheriff is elected by the voters of Santa Clara County who has the final decision-making power for all Sheriff's Deputy operations including jail operations at Elmwood. She is being sued in her individual capacity. At all relevant times, she was acting under color of state law. She is being sued in her individual capacity.

III.3 Santa Clara Valley Health and Hospital System and its employees are employed by Santa Clara County. It's employees include but are not limited to, doctors, nurses and other medically related staff, who provide medical care at Elmwood. At all relevant times, they were acting under color of state law and within the course and scope of their employment.

III.4. Alex Chyomy is a Santa Clara County employee. He was appointed Medical Director of Adult Custody Health Services. In that capacity, Mr. Chyomy is responsible for the administration and providing of medical care at Elmwood. His Employee Defendant Does are accountable to him. He is being sued in his individual capacity. At all relevant times he was acting under color of state law and within the course and scope of his employment.

III.5. Medical Employee Does 1-20 are Santa Clara County employees. Each works under Alex Chyomy as a provider of medical services under Santa Clara Valley Adult Custody Health Services. Each is responsible for providing proper health care to Elmwood inmates. At all relevant times they were acting under color of state law and within the course and scope of their employment.

III.6. Edward Flores is the Department of Corrections Chief. He is a Santa Clara County Employee and is the individual in charge of the Elmwood Jail. Jail decisions and policy end at his feet because he is the employee at the top of all decision making at Elmwood. At all relevant times he was acting under color of state law and within the course and scope of his employment. He is being sued in his individual capacity.

III.7. Deputy Does 1-20 of the Department of Corrections are all Santa Clara County Employees that work at the Elmwood Jail. Each is responsible for attending to the health needs of the inmates at Elmwood. At all relevant time, these Corrections Defendant Does were acting under color of state law and within the course and scope of their employment.

## IV. FACTUAL ALLEGATIONS

IV.1. On or around and between February 7, 2007, and May 1, 2007, Plaintiff was in the care and custody of the Elmwood Jail in Santa Clara County as an inmate.

IV.2. Plaintiff was detained in the Defendant County's Elmwood Jail facility for the duration of the events that are the basis of this suit.

IV.3. Plaintiff was playing basketball at Elmwood when he fell and broke his hand.

IV.4. It worsened rapidly and the pain became unbearable. It was obvious to Plaintiff that the intense pain, lack of movement, swelling and discoloration meant his hand was broken.

IV.5. This was a serious medical condition because the failure to treat this broken hand could result in further significant injury or the "unnecessary and wanton infliction of pain."

IV.6. Plaintiff filed all appropriate medical request forms and grievance forms with Defendant Corrections and Health Services Does according to jail procedure and exhausted those administrative remedies.

IV.7. Not only did Plaintiff complain in writing on several occasions, but he directly told jail corrections and health services staff verbally on numerous occasions that his hand was broken, that he was in intense pain, and that he needed to see a doctor for his emergency.

IV.8. For over two months, Plaintiff's requests were ignored. He was not allowed to see a doctor or have other appropriate medical attention given to his ever-painful broken hand.

IV.9. Defendant Corrections and Health Services Employee Does knew and were aware of

1  Plaintiff's condition as a critical need patient because Plaintiff put them on notice.

2      IV.10. Because of Defendant Corrections and Health Services Employee Does' medical indifference to Plaintiff's broken hand, Plaintiff's hand is now permanently disabled, with chronic pain that will only get worse with time.

5      IV.11. Defendant Corrections and Health Services Employee Does, knew failure to monitor and treat the broken hand placed Plaintiff in substantial risk of serious harm and they failed to take reasonable steps to abate the risk.

8      IV.12. Defendant Corrections and Health Services Employee Does proximately caused Plaintiff's injuries and suffering by affirmative act or omission in failing to treat Plaintiff's serious medical condition for over two months in that he was not taken to a doctor at Valley Medical Center until April 16, 2007 when it was too late.

12      IV.13. Defendant Corrections and Health Services Employee Does denied, delayed, or intentionally interfered with medical treatment by failing to respond to Plaintiff's medical request forms and verbal requests.

15      IV.14. On or around April 16, 2007, a Valley Medical Doctor and hand injury specialist told Plaintiff, during a doctor visit, it was the delay in treatment of the broken hand that caused the permanent and exacerbated extent of injury.

18      IV.15. Defendant Health Services Employee Does and Defendant Chyomy owed a duty of care to patient-Plaintiff to provide proper medical care that is reasonable according to medical industry standards and practices in keeping with the Hippocratic Oath.

21      IV.16. The IV.15 Defendants breached that duty because each failed to use that level of care which is ordinary and reasonable according to medical practice standards.

23      IV.17. But for the IV.15 Defendants' breaches of care, Plaintiff's hand would have healed properly with normal use of that hand intact.

25      IV.18. The IV.15 Defendants; breaches of care proximately caused Plaintiff unnecessary pain and suffering, and exacerbated Plaintiff's medical problem because it was foreseeable that neglecting to treat a broken hand would cause such injury.

28      IV.19. Dr. Chymony and other Health Service Employee Does who were doctors, nurses, or other

1 medically related staff were privately and appropriately licensed to practice medicine or nursing in the state
2 of California.

3     IV.20. Each IV.19 Defendant was a state actor acting in their individual capacity and within the
4 course and scope of their employment as Santa Clara County Employees.

5     IV.21. It was the Health Services Employee Does Defendants' and Dr. Chyomy's' incompetence in
6 rendering medical care that made Plaintiff's limited and untimely access to medical care meaningless.

7     IV.22. It was indifference to Plaintiff's serious medical condition and an unwillingness to provide
8 reasonable care that caused him to endure unnecessary, excessive, and permanent pain and suffering.

9     IV.23. Plaintiff has suffered extensive pain and suffering over a prolonged period, and lasting
10 physical and emotional injury as a result of the Defendants' conduct and the deliberate indifference of each
11 individual to Plaintiff's medical condition and medical needs.

12     IV.24. Therefore, Plaintiff is requesting compensation for his suffering.

13     IV.25. Defendant Santa Clara County, Laurie Smith, Dr. Chyomy, and Edward Flores proximately
14 caused Plaintiff's injuries by their culpable action or inaction by virtue of the implementation of a custom,
15 policy, or official act of Defendants in the training, supervision, or control of their subordinates, or for their
16 acquiescence in the constitutional deprivation of Plaintiff, or for conduct showing a reckless or callous
17 indifference to the rights of Plaintiff.

18     IV.26. Defendant Santa Clara County, Laurie Smith, Dr. Chyomy, and Edward Flores failed to train
19 jail and/or Health Services staff in how to properly respond to inmates' serious medical needs.

20     IV.27. Defendant Santa Clara County, Laurie Smith, Dr. Chyomy, and Edward Flores failed to
21 discipline or reprimand subordinates who violate inmates' constitutional rights against cruel and unusual
22 punishment, due process of law, or unreasonable seizures of the person.

23     IV.28. Defendant Santa Clara County, Laurie Smith, Dr. Chyomy, and Edward Flores allowed a tacit
24 policy of tolerance of constitutional deprivations of Plaintiff and other inmates by the practice of indifferent
25 medical treatment.

26     IV.29. Plaintiff is a third generation journeyman carpenter who can no longer engage in his
27 profession of choice (carpentry as his father and grandfather before him) because of Defendants' above
28 described action and or inaction.

## V. CLAIMS FOR RELIEF

V.1. Defendants violated Plaintiff's right not to be subjected to cruel and unusual punishment, and due process of law as guaranteed by the Eighth, Fifth and Fourteenth Amendments, respectively, of the United States Constitution. Plaintiff seeks redress pursuant to 42 U.S.C. Section 1983.

V.2. Defendants Santa Clara Valley Health and Hospital System, Adult Health Services Does and Dr. Chyomy committed the torts of medical negligence, intentional and negligent infliction of emotional distress.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff ask the Court for the following relief:

VI.1. To accept jurisdiction of this case.

VI.2. To grant Plaintiff's request for a jury trial.

VI.3. To award Plaintiff compensatory (economic and non-economic) damages against Defendants, jointly and severally, in an amount not to exceed $2,500,000, plus interest from the date of judgment.

VI.4. To award plaintiff punitive damages each from Defendants not to exceed $1,000,000.

VI.5. To award Plaintiff his costs and reasonable attorney's fees, plus interest from the date of judgment.

VI.6 To grant such other relief as is just and appropriate.

Dated this X 18 day of March, 2008

Respectfully submitted,

X Charles Davis

Pro Se Plaintiff (temporarily)