1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   GREGORY J. SEBASTINELLI, Deputy County Counsel (S.B. #104884)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California  95110-1770
   Telephone:  (408) 299-5900
4  Facsimile:  (408) 292-7240

5  Attorneys for Defendants
   COUNTY OF SANTA CLARA, Including its
6  Santa Clara County Health and Hospital
   System and Adult Custody Health Services,
7  EDWARD FLORES, and LAURIE SMITH

8

9                UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11

12 | CHARLES DAVIS,                              ) | No.   C08-01512 RMW
                                                 )
13 |       Plaintiff,                            )
                                                 )   **DEFENDANTS' ANSWER TO COMPLAINT**
14 | v.                                          )
                                                 )   **(Demand for Jury Trial)**
15 | SANTA CLARA COUNTY; LAURIE                  )
     SMITH (Santa Clara County Sheriff);         )
16 | SANTA CLARA VALLEY HEALTH &                 )
     HOSPITAL SYSTEM; ALEX                      )
17 | CHYOMY (Medical Director of Adult           )
     Custody  Health Services); MEDICAL         )
18 | EMPLOYEE DOES 1-20 of SANTA                 )
     CLARA VALLEY ADULT CUSTODY                  )
19 | HEALTH SERVICES; EDWARD                    )
     FLORES (Santa Clara Department of           )
20 | Correction, Chief of Correction);          )
     DEPUTY DOES 1-20 of the Department          )
21 | of Correction,                              )
                                                 )
22 |       Defendants.                           )
     _____)
23

24       Defendants, County of Santa Clara, including its Santa Clara County Health and Hospital

25  System and Adult Custody Health Services (hereinafter collectively the "County"), Edward

26  Flores, and Laurie Smith, hereby answer Plaintiff's Complaint, and admit, deny, and allege as

27  follows:

28  / /

# I.

# INTRODUCTION

1. Answering the allegations of Paragraph I.1, Defendants allege that Plaintiff was incarcerated with the County's Department of Correction ("DOC") from January 8, 2007 to on or about September 8, 2007 and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

2. Answering the allegations of Paragraphs I.2, I.3, and I.4, Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

3. Answering the allegations of Paragraphs I.5 and I.6, Defendants allege that on February 12, 2007, Plaintiff first complained to Adult Custody Health Services ("ACHS") medical practitioners of pain and swelling in his right hand that allegedly occurred the day before while playing basketball and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

4. Answering the allegations of Paragraphs I.7, I.8, I.9, I.10, I.11, I.12, and I.13, Defendants deny each and all of the allegations therein.

5. Answering the allegations of Paragraphs I.14 and I.15, Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

# II.

# JURISDICTION

6. Answering the allegations of Paragraphs II.1, II.2, and II.3, Defendants allege that they have no information or belief sufficient to enable them to answer said allegations as only Plaintiff possesses information as to the purported basis and purported jurisdiction for his civil rights and state law claims, and on that ground deny each and all of the allegations therein.

//

## III.

## PARTIES

7. Answering the allegations of Paragraph III.1, Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

8. Answering the allegations of Paragraph III.2, Defendants allege that the County is an incorporated governmental entity and presently employees Edward Flores, Laurie Smith, and Alex Chyorny, M.D., and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

9. Answering the allegations of the first sentence of Paragraph III.2 (sic), Defendants allege that Laurie Smith is the elected County Sheriff and, except as expressly alleged, Defendants deny each and all of the allegations therein. Answering the allegations of the second, third, and fourth sentences of Paragraph III.2 (sic), Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

10. Answering the allegations of Paragraph III.3, Defendants allege Santa Clara Valley Health and Hospital System is a department of a County and employs medical practitioners at the Elmwood Facility and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

11. Answering the allegations of Paragraph III.4, Defendants allege that Alex Chyorny, M.D., is the Medical Director of ACHS, and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

12. Answering the allegations of Paragraphs III.5 and III.7, Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

13. Answering the allegations of Paragraph III.6, Defendants allege that Edward Flores is the Chief of the DOC, and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

## IV.

## FACTUAL ALLEGATIONS

14. Answering the allegations of Paragraph IV.1, Defendants allege that Plaintiff was incarcerated with the County's Department of Correction ("DOC") from January 8, 2007 to on or about September 8, 2007 and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

15. Answering the allegations of Paragraphs IV.2, IV.3, and IV.4, Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

16. Answering the allegations of Paragraph IV.5, Defendants allege that on February 12, 2007, Plaintiff first complained to Adult Custody Health Services ("ACHS") medical practitioners of pain and swelling in his right hand that allegedly occurred the day before while playing basketball and received appropriate care thereafter, and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

17. Answering the allegations of Paragraphs IV.6 and IV.7, Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

18. Answering the allegations of Paragraph IV.8, Defendants deny each and all of the allegations therein.

19. Answering the allegations of Paragraphs IV.9, IV.10, IV.11, IV.12., and IV.13, Defendants allege that Plaintiff was further evaluated at Valley Medical Center on February 18, 2007, and, except as expressly alleged, Defendants have no present information or belief

sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

20. Answering the allegations of Paragraph IV.14, Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein. Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

21. Answering the allegations of Paragraph IV.15, Defendants allege that Alex Chyorny, M.D., is the Medical Director of ACHS, and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

22. Answering the allegations of Paragraphs IV.16, IV.17, and IV.18, Defendants deny each and all of the allegations therein.

23. Answering the allegations of Paragraph IV.19, Defendants allege that Alex Chyorny, M.D., is a licensed physician and is the Medical Director of ACHS, and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

24. Answering the allegations of Paragraph IV.20, Defendants allege that Alex Chyorny, M.D., is the Medical Director of ACHS, and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

25. Answering the allegations of Paragraph IV.21, Defendants allege that Alex Chyorny, M.D., is the Medical Director of ACHS and at all relevant times performed his duties as Medical Director in an appropriate manner, and, except as expressly alleged, Defendants have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

26. Answering the allegations of Paragraphs IV.22 and IV.23, Defendants deny each and all of the allegations therein.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Answer to Complaint          5          C08-01512 RMW

27. Answering the allegations of Paragraph IV.24, Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

28. Answering the allegations of Paragraphs IV.25, IV.26, IV.27, and IV.28, Defendants deny each and all of the allegations therein.

29. Answering the allegations of Paragraph IV.29, Defendants allege that they have no present information or belief sufficient to enable them to answer said allegations, and on that ground deny each and all of the allegations therein.

## V.

## CLAIMS FOR RELIEF

30. Answering the allegations of Paragraphs V.1 and V.2, Defendants deny each and all of the allegations therein.

## VI.

## PRAYER FOR RELIEF

31. Answering the allegations of Paragraphs VI.1 through VI.6, inclusive, Defendants allege that plaintiff is not entitled to any compensatory or punitive damages against any named defendant and, further, is not entitled to receive any award of costs and attorney's fees against any named defendant.

WHEREFORE, Defendants pray for judgment in their favor as hereinafter set forth.

## AFFIRMATIVE DEFENSES

## FIRST AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that the complaint, and each and every cause of action and/or claim for relief thereof, fails to state facts sufficient to constitute a cause of action and/or claim for relief against these answering Defendants.

//

//

**SECOND AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff was careless and negligent in and about the matters alleged in the complaint, and that said carelessness and negligence on the Plaintiff's own part proximately contributed to the damages complained of, if any there were. Under the doctrine of comparative negligence, Plaintiff's comparative negligence shall reduce any and all damages sustained by said Plaintiff.

**THIRD AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that said damages, if any, sustained by Plaintiff were either fully or in part the fault of others, whether that fault be the proximate result of negligence, strict liability, breach of warranty, breach of contract, or any other type of fault caused by persons, firms, corporations or entities other than these answering Defendants, and that said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by these answering Defendants.

**FOURTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff was actively negligent in and about the matters alleged in the complaint, and thereby barred from any recovery.

**FIFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that the provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51, Civil Code Sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable to this action to the extent Plaintiff's injuries and/or damages, if any there were or are, were proximately caused or contributed to by the carelessness, negligence or fault of persons or entities other than these answering Defendants.

**SIXTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff failed to mitigate his damages.

**SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that all of the risks, hazards and dangers, if any, inherent in the course of evaluation, treatment and/or administration of medications or other materials or substances to Plaintiff were fully known, appreciated and understood by Plaintiff, who nevertheless freely and voluntarily elected to assume and undertake such risks, hazards and dangers, if any, and thereby voluntarily assumed the risk of possible injury and/or other damages, and therefore Plaintiff is barred from any recovery that she might otherwise have against any Defendant.

**EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that at all times mentioned in the complaint, the services rendered by Defendants were reasonable and necessary for the care and treatment of Plaintiff and were properly performed.

**NINTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff unreasonably delayed in bringing this action against Defendants and that such delay prejudiced these Defendants and, therefore, this action against these Defendants is barred by the doctrine of laches.

**TENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff, by reason of his own acts and/or omissions, waived any claims, if any there be, as alleged

therein.

**ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff, by reason of his own acts and/or omissions, is equitably estopped from asserting any claim, if any there be, as alleged therein.

**TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff, by virtue of having been the sole or major contributing factor to the alleged damages of which Plaintiff now complains, based upon his own fault or misconduct, is guilty of unclean hands and therefore barred from obtaining the relief sought in the complaint by that principle, as well as by the principle of *in pari delicto*.

**THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff was guilty of willful misconduct in and about the matters complained of in the complaint and that the aforesaid misconduct on Plaintiff's own part proximately contributed to the damages of which he now complains.

**FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that they are entitled to the benefits, defenses, rights, immunities and provisions of Assembly Bill I through XX of the State of California for the year 1975 and which is more commonly known as the Medical Injury Compensation Reform Act (MICRA); that said benefits, defenses, immunities and provisions are set forth and contained within Business and Professions Code §6146; Civil Code §§3333.1 and 3333.2; Code of Civil Procedure §§364, 365 and 667.7.

//

**FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that, in the event they are found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), these answering defendants may elect to introduce evidence of any amount paid or payable, if any, as a benefit to Plaintiff pursuant to Civil Code §3333.1.

**SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that, in the event they are found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), the damages for non-economic loss, if any, shall not exceed the amount specified in Civil Code §3333.2.

**SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that, in the event they are found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), these answering defendants may elect to have future damages, if any, in excess of the amount specified in Code of Civil Procedure §667.7, paid in whole or in part, as specified in Code of Civil Procedure §667.7.

**EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff failed to meet and perform all necessary covenants, conditions and promises required to be performed in accordance with the terms and conditions of the treatment.

**NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that the

actions of Plaintiff prevented Defendants from performing their services, and released Defendants from any duty or liability to Plaintiff. Should any breach of duty have occurred on the part of Defendants, said breach was waived by the conduct and actions of Plaintiff.

**TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that the acts and/or omissions complained of in the complaint were consented to by Plaintiff.

**TWENTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that their conduct, at all times referenced therein, was privileged and/or justified.

**TWENTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff failed to (1) exhaust his administrative and/or other remedies and/or (2) satisfy other jurisdictional and/or procedural prerequisites prior to filing suit.

**TWENTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff failed to comply with the provisions of the California Tort Claims Act.

**TWENTY-FOURTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff had full knowledge that these defendants did not breach any duty and/or obligation.

**TWENTY-FIFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that, at all times therein, Defendants acted with a good faith belief in the propriety of their conduct, and

1 performed and discharged in good faith each and every duty and/or obligation, if any, owed to Plaintiff.

**TWENTY-SIXTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that any alleged duty and/or obligation of Defendants were exonerated, discharged and/or released by Plaintiff's acts and/or omissions.

**TWENTY-SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that their conduct was proper, legal and in substantial compliance with all applicable regulations, codes, statutes and/or ordinances.

**TWENTY-EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that any acts and/or omissions on the part of Defendants were discretionary and not ministerial in nature.

**TWENTY-NINTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants are informed and believe, and thereon allege, that at all times the representations, if any, made by them to Plaintiff were, to the best of their knowledge, true.

**THIRTIETH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants are informed and believe, and thereon allege, that at no time did they seek to suppress any facts and/or information that they were duty bound to disclose to Plaintiff and did not seek to disclose to Plaintiff any facts and/or information which were likely to mislead Plaintiff.

//

### THIRTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants are informed and believe, and thereon allege, that at no time did they seek to deceive Plaintiff respecting the representations, if any, made by Defendants to Plaintiff.

### THIRTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants are informed and believe, and thereon allege, with respect to the acts or omissions and/or other conduct complained of by Plaintiff as against these answering Defendants, and with respect to the resulting actions taken and/or not taken by Plaintiff, there was not justifiable reliance by Plaintiff.

### THIRTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants are informed and believe, and thereon allege, that they had no knowledge of the alleged falsity of any representations, if any, complained of by Plaintiff.

### THIRTY-FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants are informed and believe, and thereon allege, that they made no representations, expressly or impliedly, to Plaintiff upon which Plaintiff may base any cause of action.

### THIRTY-FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants are informed and believe, and thereon allege, that any statements made by them to Plaintiff were, either in whole or in part, matters of opinion.

//

### THIRTY-SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that any acts and/or omissions on the part of Defendants were subjectively and/or objectively reasonable so as to entitle Defendants to absolute or qualified immunity based upon applicable State or Federal law for any acts and/or omissions within the course and scope of employment.

### THIRTY-SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that Plaintiff's complaint, and each and every cause of action and/or claim for relief therein, is barred by the provisions of Government Code §§ 810 through 1000, inclusive, including, but not limited to, Sections 815, 815.2, 815.3, 815.4, 815.6, 818, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 822.2, 830.2, 830.5, 830.6, 831.2, 831.25, 835, 835.2, 835.4, 840, 840.2, 840.4, 840.6, 844.6, 845.6, 855.8, and 856.

### THIRTY-EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that the complaint, and each and every cause of action and/or claim for relief thereof, is barred by the statute of limitations as stated in Part 2, Title 2, Chapter 2 of the California Code of Civil Procedure, beginning with Section 315 and continuing through Section 349.4 and, more particularly, but not limited to, Sections 335.1, 337, 337.1, 337.15, 337.2, 338, 339, 340, 340.5, 340.6, 342, and 343.

### THIRTY-NINTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, these answering Defendants allege that they are entitled to recover reasonable expenses, including attorneys' fees, from Plaintiff and his counsel in that Plaintiff's complaint on file herein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for

the sole purpose of harassing these Defendants.

### FORTIETH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and specifically to the first cause of action and/or claim for relief thereof, these answering Defendants allege that they did not have actual or constructive notice of a serious and obvious need for immediate medical condition for which they allegedly failed to take reasonable action to summon medical care.

WHEREFORE, these answering Defendants pray that Plaintiff take nothing by way of his complaint, that Defendants have judgment for their costs of suit incurred herein, together with such other and further relief as the court may deem just and proper.

Dated:  June 2, 2008                                    Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By:        /S/
GREGORY J. SEBASTINELLI
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, Including its Santa Clara County Health and Hospital System and Adult Custody Health Services, EDWARD FLORES, and LAURIE SMITH

## JURY DEMAND

Defendants, County of Santa Clara, including its Santa Clara County Health and Hospital System and Adult Custody Health Services, Edward Flores, and Laurie Smith hereby demand a trial by jury.

Dated: June 2, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____/S/_____
GREGORY J. SEBASTINELLI
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, Including its Santa Clara County Health and Hospital System and Adult Custody Health Services, EDWARD FLORES, and LAURIE SMITH

128853.wpd