ANN MILLER RAVEL, County Counsel (S.B. #62139)
GREGORY J. SEBASTINELLI, Deputy County Counsel (S.B. #104884)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA, Including its
Santa Clara County Health and Hospital
System and Adult Custody Health Services,
EDWARD FLORES, LAURIE SMITH, and
ALEX CHYORNY, M.D.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| CHARLES DAVIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY; LAURIE SMITH (Santa Clara County Sheriff); SANTA CLARA VALLEY HEALTH & HOSPITAL SYSTEM; ALEX CHYOMY (Medical Director of Adult Custody Health Services); MEDICAL EMPLOYEE DOES 1-20 of SANTA CLARA VALLEY ADULT CUSTODY HEALTH SERVICES; EDWARD FLORES (Santa Clara Department of Correction, Chief of Correction); DEPUTY DOES 1-20 of the Department of Correction,<br><br>　　　　Defendants. | No.   C08-01512 RMW<br><br>**DEFENDANT ALEX CHYORNY, M.D.'S ANSWER TO COMPLAINT**<br><br>**(Demand for Jury Trial)** |

　　　Defendant, Alex Chyorny, M.D., hereby answers Plaintiff's Complaint, and admits, denies, and alleges as follows:

## I.

## INTRODUCTION

　　　1.　Answering the allegations of Paragraph I.1, Defendant alleges that Plaintiff was

1  incarcerated with the County's Department of Correction ("DOC") from January 8, 2007 to on
2  or about September 8, 2007 and, except as expressly alleged, Defendant has no present
3  information or belief sufficient to enable him to answer said allegations, and on that ground
4  denies each and all of the allegations therein.
5       2.   Answering the allegations of Paragraphs I.2, I.3, and I.4, Defendant alleges that he
6  has no present information or belief sufficient to enable him to answer said allegations, and on
7  that ground denies each and all of the allegations therein.
8       3.   Answering the allegations of Paragraphs I.5 and I.6, Defendant alleges that on
9  February 12, 2007, Plaintiff first complained to Adult Custody Health Services ("ACHS")
10 medical practitioners of pain and swelling in his right hand that allegedly occurred the day
11 before while playing basketball and, except as expressly alleged, Defendant has no present
12 information or belief sufficient to enable him to answer said allegations, and on that ground
13 denies each and all of the allegations therein.
14      4.   Answering the allegations of Paragraphs I.7, I.8, I.9, I.10, I.11, I.12, and I.13,
15 Defendant denies each and all of the allegations therein.
16      5.   Answering the allegations of Paragraphs I.14 and I.15, Defendant alleges that he has
17 no present information or belief sufficient to enable him to answer said allegations, and on that
18 ground denies each and all of the allegations therein.

## II.

## JURISDICTION

21      6.   Answering the allegations of Paragraphs II.1, II.2, and II.3, Defendant alleges that he
22 has no information or belief sufficient to enable him to answer said allegations as only Plaintiff
23 possesses information as to the purported basis and purported jurisdiction for his civil rights and
24 state law claims, and on that ground denies each and all of the allegations therein.

## III.

## PARTIES

27      7.   Answering the allegations of Paragraph III.1, Defendant alleges that he has no
28 present information or belief sufficient to enable him to answer said allegations, and on that

ground denies each and all of the allegations therein.

8. Answering the allegations of Paragraph III.2, Defendant alleges that the County is an incorporated governmental entity and presently employs Edward Flores, Laurie Smith, and Alex Chyorny, M.D., and, except as expressly alleged, Defendant has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

9. Answering the allegations of the first sentence of Paragraph III.2 (sic), Defendant alleges that Laurie Smith is the elected County Sheriff and, except as expressly alleged, Defendant denies each and all of the allegations therein. Answering the allegations of the second, third, and fourth sentences of Paragraph III.2 (sic), Defendant alleges that he has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

10. Answering the allegations of Paragraph III.3, Defendant alleges that Santa Clara Valley Health and Hospital System is a department of a County and employs medical practitioners at the Elmwood Facility and, except as expressly alleged, Defendant has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

11. Answering the allegations of Paragraph III.4, Defendant alleges that Alex Chyorny, M.D., is the Medical Director of ACHS, and, except as expressly alleged, Defendant has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

12. Answering the allegations of Paragraphs III.5 and III.7, Defendant alleges that he has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

13. Answering the allegations of Paragraph III.6, Defendant alleges that Edward Flores is the Chief of the DOC, and, except as expressly alleged, Defendant has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

## IV.

## FACTUAL ALLEGATIONS

14.  Answering the allegations of Paragraph IV.1, Defendant alleges that Plaintiff was incarcerated with the County's Department of Correction ("DOC") from January 8, 2007 to on or about September 8, 2007 and, except as expressly alleged, Defendant has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

15.  Answering the allegations of Paragraphs IV.2, IV.3, and IV.4, Defendant alleges that he has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

16.  Answering the allegations of Paragraph IV.5, Defendant alleges that on February 12, 2007, Plaintiff first complained to Adult Custody Health Services ("ACHS") medical practitioners of pain and swelling in his right hand that allegedly occurred the day before while playing basketball and received appropriate care thereafter, and, except as expressly alleged, Defendant has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

17.  Answering the allegations of Paragraphs IV.6 and IV.7, Defendant alleges that he has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

18.  Answering the allegations of Paragraph IV.8, Defendant denies each and all of the allegations therein.

19.  Answering the allegations of Paragraphs IV.9, IV.10, IV.11, IV.12., and IV.13, Defendant alleges that Plaintiff was further evaluated at Valley Medical Center on February 18, 2007, and, except as expressly alleged, Defendant has no present information or belief sufficient to enable him to answer said allegations, and on that ground denies each and all of the allegations therein.

20.  Answering the allegations of Paragraph IV.14, Defendant alleges that he has no present information or belief sufficient to enable him to answer said allegations, and on that

1  ground denies each and all of the allegations therein. Defendant alleges that he has no present
2  information or belief sufficient to enable him to answer said allegations, and on that ground
3  denies each and all of the allegations therein.

4      21. Answering the allegations of Paragraph IV.15, Defendant alleges that Alex Chyorny,
5  M.D., is the Medical Director of ACHS, and, except as expressly alleged, Defendant has no
6  present information or belief sufficient to enable him to answer said allegations, and on that
7  ground denies each and all of the allegations therein.

8      22. Answering the allegations of Paragraphs IV.16, IV.17, and IV.18, Defendant denies
9  each and all of the allegations therein.

10     23. Answering the allegations of Paragraph IV.19, Defendant alleges that Alex Chyorny,
11 M.D., is a licensed physician and is the Medical Director of ACHS, and, except as expressly
12 alleged, Defendant has no present information or belief sufficient to enable him to answer said
13 allegations, and on that ground denies each and all of the allegations therein.

14     24. Answering the allegations of Paragraph IV.20, Defendant alleges that Alex Chyorny,
15 M.D., is the Medical Director of ACHS, and, except as expressly alleged, Defendant has no
16 present information or belief sufficient to enable him to answer said allegations, and on that
17 ground denies each and all of the allegations therein.

18     25. Answering the allegations of Paragraph IV.21, Defendant alleges that Alex Chyorny,
19 M.D., is the Medical Director of ACHS and at all relevant times performed his duties as
20 Medical Director in an appropriate manner, and, except as expressly alleged, Defendant has no
21 present information or belief sufficient to enable him to answer said allegations, and on that
22 ground denies each and all of the allegations therein.

23     26. Answering the allegations of Paragraphs IV.22 and IV.23, Defendant denies each
24 and all of the allegations therein.

25     27. Answering the allegations of Paragraph IV.24, Defendant alleges that he has no
26 present information or belief sufficient to enable him to answer said allegations, and on that
27 ground denies each and all of the allegations therein.

28     28. Answering the allegations of Paragraphs IV.25, IV.26, IV.27, and IV.28, Defendant

1  denies each and all of the allegations therein.

2  29.  Answering the allegations of Paragraph IV.29, Defendant alleges that he has no
present information or belief sufficient to enable him to answer said allegations, and on that
ground denies each and all of the allegations therein.

## V.

## CLAIMS FOR RELIEF

30.  Answering the allegations of Paragraphs V.1 and V.2, Defendant denies each and all of the allegations therein.

## VI.

## PRAYER FOR RELIEF

31.  Answering the allegations of Paragraphs VI.1 through VI.6, inclusive, Defendant alleges that plaintiff is not entitled to any compensatory or punitive damages against any named defendant and, further, is not entitled to receive any award of costs and attorney's fees against any named defendant.

WHEREFORE, Defendant prays for judgment in his favor as hereinafter set forth.

## AFFIRMATIVE DEFENSES

## FIRST AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that the complaint, and each and every cause of action and/or claim for relief thereof, fails to state facts sufficient to constitute a cause of action and/or claim for relief against this answering Defendant.

## SECOND AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff was careless and negligent in and about the matters alleged in the complaint, and that said carelessness and negligence on the Plaintiff's own part proximately contributed to the damages complained of, if any there were.  Under the doctrine of comparative negligence, Plaintiff's

comparative negligence shall reduce any and all damages sustained by said Plaintiff.

### THIRD AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that said damages, if any, sustained by Plaintiff were either fully or in part the fault of others, whether that fault be the proximate result of negligence, strict liability, breach of warranty, breach of contract, or any other type of fault caused by persons, firms, corporations or entities other than this answering Defendant, and that said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by this answering Defendant.

### FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff was actively negligent in and about the matters alleged in the complaint, and thereby barred from any recovery.

### FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that the provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51, Civil Code Sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable to this action to the extent Plaintiff's injuries and/or damages, if any there were or are, were proximately caused or contributed to by the carelessness, negligence or fault of persons or entities other than this answering Defendant.

### SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff failed to mitigate his damages.

### SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every

cause of action and/or claim for relief thereof, this answering Defendant alleges that all of the risks, hazards and dangers, if any, inherent in the course of evaluation, treatment and/or administration of medications or other materials or substances to Plaintiff were fully known, appreciated and understood by Plaintiff, who nevertheless freely and voluntarily elected to assume and undertake such risks, hazards and dangers, if any, and thereby voluntarily assumed the risk of possible injury and/or other damages, and therefore Plaintiff is barred from any recovery that he might otherwise have against any Defendant.

## EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that at all times mentioned in the complaint, the services rendered by Defendants were reasonable and necessary for the care and treatment of Plaintiff and were properly performed.

## NINTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff unreasonably delayed in bringing this action against Defendants and that such delay prejudiced this Defendant and, therefore, this action against this Defendants is barred by the doctrine of laches.

## TENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff, by reason of his own acts and/or omissions, waived any claims, if any there be, as alleged therein.

## ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff, by reason of his own acts and/or omissions, is equitably estopped from asserting any claim, if any there be, as alleged therein.

**TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff, by virtue of having been the sole or major contributing factor to the alleged damages of which Plaintiff now complains, based upon his own fault or misconduct, is guilty of unclean hands and therefore barred from obtaining the relief sought in the complaint by that principle, as well as by the principle of *in pari delicto*.

**THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff was guilty of willful misconduct in and about the matters complained of in the complaint and that the aforesaid misconduct on Plaintiff's own part proximately contributed to the damages of which he now complains.

**FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that he is entitled to the benefits, defenses, rights, immunities and provisions of Assembly Bill I through XX of the State of California for the year 1975 and which is more commonly known as the Medical Injury Compensation Reform Act (MICRA); that said benefits, defenses, immunities and provisions are set forth and contained within Business and Professions Code §6146; Civil Code §§3333.1 and 3333.2; Code of Civil Procedure §§364, 365 and 667.7.

**FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that, in the event he is found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), this answering defendant may elect to introduce evidence of any amount paid or payable, if any, as a benefit to Plaintiff pursuant to Civil Code §3333.1.

//

### SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that, in the event he is found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), the damages for non-economic loss, if any, shall not exceed the amount specified in Civil Code §3333.2.

### SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that, in the event he is found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), this answering defendant may elect to have future damages, if any, in excess of the amount specified in Code of Civil Procedure §667.7, paid in whole or in part, as specified in Code of Civil Procedure §667.7.

### EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff failed to meet and perform all necessary covenants, conditions and promises required to be performed in accordance with the terms and conditions of the treatment.

### NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that the actions of Plaintiff prevented Defendants from performing their services, and released Defendants from any duty or liability to Plaintiff. Should any breach of duty have occurred on the part of Defendants, said breach was waived by the conduct and actions of Plaintiff.

### TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that the acts and/or omissions complained of in the complaint were consented to by Plaintiff.

**TWENTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that his conduct, at all times referenced therein, was privileged and/or justified.

**TWENTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff failed to (1) exhaust his administrative and/or other remedies and/or (2) satisfy other jurisdictional and/or procedural prerequisites prior to filing suit.

**TWENTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff failed to comply with the provisions of the California Tort Claims Act.

**TWENTY-FOURTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff had full knowledge that the defendants did not breach any duty and/or obligation.

**TWENTY-FIFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that, at all times therein, Defendants acted with a good faith belief in the propriety of their conduct, and performed and discharged in good faith each and every duty and/or obligation, if any, owed to Plaintiff.

**TWENTY-SIXTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that any alleged duty and/or obligation of Defendants were exonerated, discharged and/or released by Plaintiff's acts and/or omissions.

**TWENTY-SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that his conduct was proper, legal and in substantial compliance with all applicable regulations, codes, statutes and/or ordinances.

**TWENTY-EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that any acts and/or omissions on the part of Defendants were discretionary and not ministerial in nature.

**TWENTY-NINTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant is informed and believes, and thereon alleges, that at all times the representations, if any, made by him to Plaintiff was, to the best of his knowledge, true.

**THIRTIETH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant is informed and believes and thereon alleges that at no time did he seek to suppress any facts and/or information that he was duty bound to disclose to Plaintiff and did not seek to disclose to Plaintiff any facts and/or information which were likely to mislead Plaintiff.

**THIRTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant is informed and believes, and thereon alleges, that at no time did he seek to deceive Plaintiff respecting the representations, if any, made by Defendant to Plaintiff.

**THIRTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant is informed and

believes, and thereon alleges, with respect to the acts or omissions and/or other conduct complained of by Plaintiff as against this answering Defendant, and with respect to the resulting actions taken and/or not taken by Plaintiff, there was not justifiable reliance by Plaintiff.

### THIRTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant is informed and believes, and thereon alleges, that he had no knowledge of the alleged falsity of any representations, if any, complained of by Plaintiff.

### THIRTY-FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant is informed and believes, and thereon alleges, that he made no representations, expressly or impliedly, to Plaintiff upon which Plaintiff may base any cause of action.

### THIRTY-FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant is informed and believes, and thereon alleges, that any statements made by him to Plaintiff were, either in whole or in part, matters of opinion.

### THIRTY-SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that any acts and/or omissions on the part of Defendants were subjectively and/or objectively reasonable so as to entitle Defendants to absolute or qualified immunity based upon applicable State or Federal law for any acts and/or omissions within the course and scope of employment.

### THIRTY-SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that Plaintiff's complaint, and each and every cause of action and/or claim for relief therein, is barred by the

provisions of Government Code §§ 810 through 1000, inclusive, including, but not limited to, Sections 815, 815.2, 815.3, 815.4, 815.6, 818, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 822.2, 830.2, 830.5, 830.6, 831.2, 831.25, 835, 835.2, 835.4, 840, 840.2, 840.4, 840.6, 844.6, 845.6, 855.8, and 856.

### THIRTY-EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that the complaint, and each and every cause of action and/or claim for relief thereof, is barred by the statute of limitations as stated in Part 2, Title 2, Chapter 2 of the California Code of Civil Procedure, beginning with Section 315 and continuing through Section 349.4 and, more particularly, but not limited to, Sections 335.1, 337, 337.1, 337.15, 337.2, 338, 339, 340, 340.5, 340.6, 342, and 343.

### THIRTY-NINTH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering Defendant alleges that he is entitled to recover reasonable expenses, including attorneys' fees, from Plaintiff and his counsel in that Plaintiff's complaint on file herein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing this Defendant.

### FORTIETH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and specifically to the first cause of action and/or claim for relief thereof, this answering Defendant alleges that he did not have actual or constructive notice of a serious and obvious need for immediate medical condition for which they allegedly failed to take reasonable action to summon medical care.

//
//
//
//

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by way of his complaint, that Defendants have judgment for their costs of suit incurred herein, together with such other and further relief as the court may deem just and proper.

Dated:  July 16, 2008                          Respectfully submitted,

                                      ANN MILLER RAVEL
                                      County Counsel

By: _____/S/_____
     GREGORY J. SEBASTINELLI
     Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, Including its Santa Clara County Health and Hospital System and Adult Custody Health Services, EDWARD FLORES, LAURIE SMITH, and ALEX CHYORNY, M.D.

## JURY DEMAND

Defendants, County of Santa Clara, including its Santa Clara County Health and Hospital System and Adult Custody Health Services, Edward Flores, and Laurie Smith hereby demand a trial by jury.

Dated:  July 16, 2008                          Respectfully submitted,

                                      ANN MILLER RAVEL
                                      County Counsel

By: _____/S/_____
     GREGORY J. SEBASTINELLI
     Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, Including its Santa Clara County Health and Hospital System and Adult Custody Health Services, EDWARD FLORES, LAURIE SMITH, and ALEX CHYORNY, M.D.

134961.wpd