1 ANN MILLER RAVEL, County Counsel (S.B. #62139)
GREGORY J. SEBASTINELLI, Deputy County Counsel (S.B. #104884)
2 OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
3 San Jose, California 95110-1770
Telephone: (408) 299-5900
4 Facsimile: (408) 292-7240

5 Attorneys for Defendants
COUNTY OF SANTA CLARA, INCLUDING
6 ITS SANTA CLARA COUNTY HEALTH
AND HOSPITAL SYSTEM AND ADULT
7 CUSTODY HEALTH SERVICES, EDWARD
FLORES, LAURIE SMITH, and ALEX
8 CHYORNY, M.D.

9 KEITH G. JORDAN (S.B. #171267)
720 SW Washington Suite 750
10 Portland, Oregon 97205
Telephone: (408) 271-9500
11 Facsimile: (408) 271-9598
keith@jordanlawfirm.net
12
Attorney for Plaintiff
13 CHARLES DAVIS

14

15                UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
16

17

18 CHARLES DAVIS,                    )   No.    C08-01512 RMW
                                      )
19        Plaintiff,                  )   **JOINT CASE MANAGEMENT**
                                      )   **CONFERENCE STATEMENT AND**
20                                    )   **[PROPOSED] ORDER**
   v.                                 )
21                                    )   Date:    July 25, 2008
   SANTA CLARA COUNTY et. al.;        )   Time:    10:30 a.m.
22                                    )   Crtrm.:  6
        Defendants.                   )   Judge:   Honorable Ronald M. Whyte
23 _____)

24         Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-3 and 16-9, the parties to the

25 above-entitled matter jointly submit this Case Management Statement and proposed Order.

26 Each party certifies that its lead trial counsel who will try this case met and conferred for the

27 preparation of this Statement.

28 / /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement
and [Proposed] Order                    1                    C08-01512 RMW

1.   <u>Jurisdiction and Service</u>

There are no issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue.  As of the filing of this statement, all named Defendants have been served and have filed answers to complaint.  Plaintiff has named several DOE defendants and intends to later seek leave of court to amend his complaint.

2.   <u>Facts and Principal Factual Issues</u>

This lawsuit arises out of a claim by a former Santa Clara County Department of Correction ("DOC") inmate that he was denied timely and adequate medical treatment for a broken right hand.  During the first or second week of February 2007, Plaintiff broke his right hand while playing basketball at the Elmwood Jail Facility.  This occurred at M-8, Pod H, on the sun deck.  Plaintiff states that a significant amount of time passed before his hand was x-rayed.  Most importantly, Plaintiff states he initially received minimal and inadequate medical attention.  He was not taken to VMC until February 18th despite a medical emergency.  On April 16th, during Plaintiff's first contact with a "hand-specialist," the specialist told Plaintiff that too much time had passed, and that the injury had healed improperly due to inadequate and delayed treatment.  Plaintiff states because of the delay in proper treatment, his hand has healed improperly and he is now disabled to the extent that he can no longer work in his skilled trade as a third-generation journeyman carpenter.

Conversely, County Defendants contend that Davis received timely and adequate medical treatment for a comminuted fracture at the base of the right first metacarpal (right thumb).  Specifically, Defendants contend that Davis first sought and received medical attention on February 12, 2007, at which time he reported that the subject injury occurred the preceding day.  The right hand was slightly swollen and tender to the touch, circulation to the fingers was good, he was able to open and close his hand without problems, and there was no open wound.  Davis was provided with ice, ibuprofen, and was scheduled for a physician examination.  Davis was seen by a physician on February 15, at which time a fracture was suspected and he was scheduled for hand x-rays.  Davis was also provided with a wrist splint to immobilize the hand.  X-rays  were taken on February 16, and on February 18 custodial medical staff obtained the

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement
and [Proposed] Order                    2                    C08-01512 RMW

1    results revealing a fracture.  Within two hours of obtaining those x-ray results, Davis was

2    transported by correctional staff to the VMC Emergency Department where further x-rays were

3    taken, a split was applied, and a referral was made to the VMC Plastic Surgery Clinic.

4          Further, according to Defendants, Davis was later seen on several occasions in the VMC

5    Plastic Surgery Clinic.  As a result, he was not considered a surgical candidate and was

6    prescribed, among other things, hand therapy to restore range of motion.  Such therapy occurred

7    during the months of April, May, and June 2007.  Davis was released from custody in early

8    September 2007.

9          The principal factual issues that the parties dispute are as follows:

10          a.    Whether Davis received timely medical treatment.

11          b.    Whether Davis was properly evaluated by medical practitioners.

12          c.    Whether Davis received proper medical services during his incarceration.

13          d.    Whether the DOC and Adult Custody Health Services ("ACHS") had in place

14    appropriate policies, guidelines, and procedures regarding, among other things, the evaluation

15    and treatment of inmates with medical issues.

16          e.    The nature, extent, and propriety of the damages and other relief sought by Davis.

17    3.    <u>Legal Issues</u>

18          The principal legal issues that the parties dispute are as follows:

19          a.    Whether any individual Defendant violated the civil rights of Davis and/or whether

20    the conduct of  any Defendant met the constitutional standard of deliberate indifference.

21          b.    Whether the County or any individual Defendant is subject to *Monell* liability for an

22    alleged policy, custom, or practice causing a constitutional violation.

23          c.    Whether the County or any individual Defendant is subject to liability under a

24    general or medical negligence standard, or subject to liability for intentional/negligent infliction

25    of emotional distress.

26          d.    Whether any legal privileges apply to any of the Defendants' alleged conduct.

27          e.    Whether some or all of the Defendants are entitled to qualified, absolute or other

28    statutory immunities.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement
and [Proposed] Order                                3                          C08-01512 RMW

f.      Whether some or all of the Defendants' conduct met applicable standards of care.

4.      Motions

There are no pending or prior motions, and it is too early for the parties to determine what motions they may file.

5.      Amendment to Pleadings

The parties do not presently intend to amend their pleadings except for the naming of the DOES and Plaintiff's possible downward revision of compensatory and/or punitive damages. The parties agree that the deadline for amendments, absent a showing of good cause, shall be December 1, 2008.

6.      Evidence Preservation

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in the action.

7.      Disclosures

The parties certify that they have served one another with their initial disclosures.

8.      Discovery

The parties have not commenced written discovery, but have negotiated the following discovery plan:

a.      Non-Expert Discovery

The parties are in agreement that such discovery should be conducted under Federal Rules of Civil Procedure and applicable local rules.  Non-expert discovery shall be completed by March 20, 2009

b.      Disclosure of Expert Witnesses

Any party wishing to present expert witness testimony with respect to a claim or a defense shall serve on all other parties the name, address, qualifications, resume and a written report that complies with Rule 26(a)(2)(B) on or before April 20, 2009.  This disclosure will be made with respect to a person who is either (1) specially retained or specially employed to provide expert testimony pursuant to Fed. R. Evid. 702 or (2) a regular employee or agent or treating physician who may be called to provide expert testimony.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement
and [Proposed] Order                                          4                        C08-01512 RMW

c.    Rebuttal Expert Witnesses

If the testimony of an expert is intended solely to contradict opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Rule 26(a)(2)(B), no later than May 11, 2009.

d.    Limitation on Testimony by Expert Witnesses

Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any matters or opinions not disclosed prior to or during an expert's deposition with the exception of rebuttal testimony.  Any party objecting to admissibility of the person disclosed as an expert witness, must file a motion in limine to exclude the testimony no later than the deadline set for filing motions in limine.

e.    Expert Discovery

Expert discovery shall be completed by June 15, 2009.

9.    Class Actions

This is not a class action.

10.   Related Cases

The parties believe there are no pending related cases or proceedings.

11.   Relief

Davis currently seeks $2,500,000 in compensatory damages and punitive damages. Defendants seek a dismissal of this action and award of statutory costs.

12.   Settlement and ADR

The parties have discussed submitting this matter to an Early Settlement Conference with a Magistrate Judge, and an ADR Telephone Conference is scheduled for July 23, 2008.  It is anticipated that such a conference can be completed by January 30, 2009.

13.   Consent to Magistrate Judge for All Purposes

The parties do not consent to a jury trial or court trial before a Magistrate Judge.

14.   Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement
and [Proposed] Order                                    5                                    C08-01512 RMW

15.   Narrowing of Issues

The parties are not presently in a position to determine what issues can be narrowed by agreement or motion, or what may be done to expedite the presentation of evidence at trial. Further, it has yet to be determined whether any party will seek bifurcation of any issues, claims, or defenses.

16.   Expedited Schedule

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17.   Scheduling

In addition to that which is set forth above respecting Discovery, the parties propose the following:

a.   Requested Trial Date:

October 5, 2009

b.   Final Pretrial Conference Date:

The parties are agreeable to participating in a Final Pretrial Conference in September 2009.  Trial attorneys will attend that conference.  The purpose of this conference will discuss issues raised in the Final Pretrial Conference Statement and discuss trial of the case.  In August 2009, a specific date to be determined, the parties will file a Joint Pretrial Conference Statement.  In limine motions shall be filed on a specific date to be determined which will occur between the date of the Joint Pretrial Conference Statement is due and the Final Pretrial Conference.

c.   Further Case Management Conference:

The parties are agreeable to participating in a further Case Management Conference in February 2009 to discuss, among other things, the status of ongoing discovery and the prospects for settlement or resolution of this case.

d.   Deadline for Hearing Pretrial Motions:

The final date for the court to hear dispositive motions shall be July 31, 2009.  In accordance with Civ. Local Rule 7-2, any dispositive motion must filed and served in writing no

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement
and [Proposed] Order                          6                    C08-01512 RMW

1    less than 35 days before this deadline.

2    18.    Trial

3        The parties request a jury trial with an expected length of five court days.

4    19.    Disclosure of Non-Party Interested Entities or Persons

5        In regard to Civ. Local Rule 3-16, the parties are not aware of any non-party interested

6    persons or entities.

7    20.    Other Matters

8        The parties are amenable to discussing with one another, and with the Court, any other

9    matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

10        I hereby attest that I have on file all holograph signatures for any signatures indicated by a

11    "conformed" signature ( /S/ ) within this e-filed document.

12                                                ANN MILLER RAVEL
        County Counsel

13

14    Dated: July 23, 2008    By: _____/S/_____

15                                        GREGORY J. SEBASTINELLI
    Deputy County Counsel

16        Attorneys for Defendants

17        COUNTY OF SANTA CLARA,
INCLUDING ITS SANTA CLARA
COUNTY HEALTH AND HOSPITAL

18    SYSTEM AND ADULT CUSTODY
HEALTH SERVICES, EDWARD

19    FLORES, LAURIE SMITH, and ALEX
CHYORNY, M.D.

20

21

22    Dated: July 23, 2008    By: _____/S/_____

23        KEITH G. JORDAN

24        Attorney for Plaintiff
CHARLES DAVIS

25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement
and [Proposed] Order    7    C08-01512 RMW

1

**ORDER**

2
     The Court adopts this Case Management Statement as its Order.

3
IT IS SO ORDERED.

4

5
Date: _____

6
                                  _____
                                    HONORABLE RONALD M. WHYTE
                                    United States District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
135760.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement
and [Proposed] Order              8              C08-01512 RMW