E-FILED on    8/28/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>        Defendants. | No. C-08-01512 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS TO ENLARGE TIME AND CONTINUE HEARING<br>**[Re Docket No. 43]** |

In this suit, plaintiff Charles Davis ("Davis") contends that defendants' failure to properly treat an injury to his hand violated his rights under the United States Constitution. Defendants County of Santa Clara, including the Santa Clara County Health and Hospital System (collectively, the "County"), Chief Edward Flores ("Chief Flores"), and Alexander Chyorny, M.D. ("Dr. Chyorny") move for summary judgment, arguing that plaintiff has failed to demonstrate that a constitutional violation has occurred, and that no basis for holding any defendant liable exists, either under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) or under a vicarious liability theory. On July 16, 2009, plaintiff also filed a motion to enlarge time to

United States District Court
For the Northern District of California

pursue discovery in support of his opposition. For the reasons stated below, the court grants defendants motion for summary judgment and denies plaintiff's motion.

## I. BACKGROUND

The injury that gave rise to this lawsuit occurred in early February of 2006, when Davis injured his hand playing basketball while an inmate at Santa Clara County's Elmwood Jail. Complaint ¶ 1. Davis contends that he sought medical treatment for his hand, but was deprived of adequate care in violation of his rights under the eighth amendment. He claims, for example, that the delay was too long before he received an x-ray or saw a specialist. *Id.* ¶ 1.8. There is significant factual dispute between the parties as to the basic events that form the basis for this lawsuit. For example, the factual submissions by the parties disagree as to the date of the injury and the time before a first x-ray examination was performed. *Compare* Aff. of Alexander Chyorny, M.D. ¶ 13 (hereinafter "Chyorny Aff.") (stating that injury was sustained "the day before" February 12, 2007) *with* Deposition of Charles Davis 123:1-20 (hereinafter "Davis Dep.") (stating that the injury was sustained on February 5, 6, or 7).

However, because there is no allegation that Chief Flores or Dr. Chyorny were personally involved with plaintiff's treatment, defendants are liable, if at all, only under *Monell* or under a theory of vicarious liability. The relevant inquiry, then, is whether plaintiff has raised a genuine issue of material fact as to the existence of an unconstitutional policy or custom.

In his declaration, Dr. Chyorny attaches documents setting forth Santa Clara Valley Health and Hospital System's ("HHS") policies and procedures for dealing with inmate medical complaints. *Id.* ¶¶ 7-12 (attaching documents at Exhs. A-F). A document entitled "Inmate Access to Medical, Mental Health, and Dental Services" describes the procedures for dealing with inmate requests for medical services. *Id.* Ex. F (hereinafter "Inmate Access Policy"). Upon receipt of a white card, a nurse is required to determine what medical attention is required (including whether urgent consultation is needed) and take the appropriate action. Inmate Access Policy at 1.

Defendants also submit the affidavit of Captain Kevin Heilman ("Heilman") of the Santa Clara County Department of Correction ("DOC"). Heilman attached as Exhibit C DOC's Policy No. 12.01: "Medical Health Care Services." Heilman Aff. ¶ 6. This policy provides that "[i]t is the

policy of the [DOC] to ensure medical health services are provided to all inmates . . . ." and that "[w]hen medical, mental health, and/or dental health services are requested by an inmate, medical staff shall provide appropriate triage and treatment by qualified health personnel." *Id.* The policy goes into significant detail in describing how that treatment should be provided. *Id.* at Ex. C.

## II.  ANALYSIS

### A.  Vicarious Liability

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634. A supervisor may be liable under § 1983 upon a showing of (1) "personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.3d 1435, 1446 (9th Cir.1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). "There is no respondeat superior liability under section 1983." *Id.*

Plaintiff has not raised a triable issue of fact that either Chief Flores or Dr. Chyorny were personally deliberately indifferent to his medical needs. Nowhere in the deposition transcripts submitted by plaintiff does he allege that Chief Flores or Dr. Chyorny did (or omitted to do) anything. Further, defendants argue in their motion that no vicarious liability exists for Chief Flores and Dr. Chyorny, and plaintiff does not respond.

### B.  Liability Under *Monell*

In order for the County to be liable under § 1983, plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Com'rs of Bryan County, Okl. v.*

1 *Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997).

Defendants contend that there is no unconstitutional policy that caused plaintiff's injuries. The declarations of Dr. Chyorny and Heilman attach documents setting forth the procedures for providing medical care to inmates. The policies and procedures set forth in those documents appear to adequately provide for the medical care of inmates.

Plaintiff contends that a genuine issue of material fact exists as to the existence of a policy or practice of constitutional violation because inmates are not given the ability to "cut through unnecessary layers of bureaucracy so that inmates with immediate/emergency medical needs can get immediate treatment." Pl.'s Opp. to Mot. Summ. J. 16. Plaintiff states that white cards, which are apparently necessary to file a request for medical treatment, were not available to him from the nurse when he needed them. But proof of a single incident of unconstitutional action by a non-policymaking employee is insufficient to establish the existence of a municipal policy or custom. *See McDade v. West*, 223 F.3d 1135, 1142 (9th Cir.2000); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir.1989). Plaintiff has not submitted any evidence sufficient to raise a genuine issue of material fact as to the existence of an unconstitutional policy or custom.

**C. Motions to Continue Hearing and Enlarge Time**

The day before the hearing, plaintiff filed a motion to continue the hearing on the motion for summary judgment and a motion to enlarge time to complete discovery. In August of 2008, the court set the cut-offs for non-expert and expert discovery for March 20 and June 15, 2009, respectively. Plaintiff apparently sought no discovery whatsoever within the designated discovery period, and can now provide no explanation for his inaction. It is now too late for plaintiff to pursue

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS TO ENLARGE TIME AND CONTINUE HEARING—No. C-08-01512 RMW
JAS 4

1  discovery that could have been undertaken months ago.  Plaintiff's motions to continue the hearing
2  on summary judgment and enlarge time to conduct discovery are therefore denied.

### III.  ORDER

For the reasons stated above, the court

1) grants defendants' motion for summary judgment as to plaintiff's claim under 42 U.S.C. § 1983.

2) denies plaintiff's motions to continue the hearing on summary judgment and enlarge time to complete discovery.

DATED:     8/28/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Keith G. Jordan              keith@jordanlawfirm.net

**Counsel for Defendants:**

Gregory Joseph Sebastinelli     gregory.sebastinelli@cco.co.scl.ca.us
Lauren Thuy Nguyen              lauren.nguyen@cco.sccgov.org

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     8/28/09                                    JAS
                                          **Chambers of Judge Whyte**